# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD F. JOHNSON, | |
| Plaintiff, | Case No. 2:14-cv-00004-APG-CWH |
| vs. | **ORDER** |
| RICHARD OGDEN, *et al.*, | |
| Defendants. | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has filed a complaint in state court, which defendants have removed. It appears from the documents and the removal statement that removal to federal court was proper. The Court now screens plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of

the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."

1  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework
2  of a complaint, they must be supported with factual allegations." *Id.*  "When there are well-pleaded
3  factual allegations, a court should assume their veracity and then determine whether they plausibly
4  give rise to an entitlement to relief." *Id.*  "Determining whether a complaint states a plausible claim
5  for relief [is] a context-specific task that requires the reviewing court to draw on its judicial
6  experience and common sense." *Id.*

7  Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte*
8  if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on
9  legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or
10 claims of infringement of a legal interest which clearly does not exist), as well as claims based on
11 fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490
12 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

13 **II.  Complaint in the Instant Action**

14 Plaintiff alleges a violation of his civil rights during his incarceration at High Desert State
15 Prison, and he names the following persons as defendants: Nurse Richard Ogden, Correctional
16 Officers Rocho and Westcliff, Associate Warden Jennifer Nash, and Warden Dwight Neven.
17 Plaintiff seeks damages against defendants.

18 Plaintiff alleges that upon his arrival to High Desert State Prison in 2012, he told the nurse
19 on duty that he had tested positive for tuberculosis in 2001, when he was incarcerated in Florida.
20 Plaintiff states that in Florida, he received a regiment of tuberculosis medication.  Plaintiff told
21 medical staff, and in particular, defendant Ogden, that he should not undergo tuberculosis testing,
22 and if he tested positive, he should not have to take medication for tuberculosis, on the basis that he
23 already had a tuberculosis medication regimen in Florida in 2001.  Nurse Ogden told plaintiff that
24 he must be tested for tuberculosis and Ogden summoned correctional officers Rocho and Westcliff,
25 who physically held him and forced him to "take the TB shot" which tested for tuberculosis.
26 Plaintiff alleges that he tested positive for tuberculosis, and he was forced to take a new regimen on
27 "INH" antibiotic medication for tuberculosis.  Plaintiff asserts that the medication can cause
28 damage to the lungs, liver, kidneys, and stomach.  Plaintiff asserts that instead of medication, he

just needed yearly chest x-rays. Plaintiff alleges that he informed defendants Nash and Neven that he wanted to stop the treatment of tuberculosis medication, but they denied his requests. The grievance responses attached to the complaint indicate that prison officials denied plaintiff's requests based on public health regulations that require mandatory tuberculosis testing, and if positive, treatment of all prisoners and prison staff.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence, or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06. Moreover, a difference of opinion between a physician and an inmate concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs. *Toguchi v. Chung*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

In the instant case, plaintiff's allegations amount to a difference of opinion between himself and medical staff regarding his need for tuberculosis testing and treatment. This fails to state a claim for deliberate indifference to medical needs. The nature of plaintiff's claim indicates that amendment would not cure the deficiencies of the complaint. Therefore, this action is dismissed with prejudice for failure to state a claim, and without leave to amend.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT** accordingly.

**IT IS FURTHER ORDERED** that this Court **CERTIFIES** that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

Dated this  5th  day of May, 2014.

_____
UNITED STATES DISTRICT JUDGE